UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>JOSHUA NEWMAN,<br><br>                  Defendant. | Case No. CR18-136-JLR<br><br>**ORDER DENYING MOTION TO REOPEN DETENTION DECISION** |

Defendant moves the Court to reopen the detention decision on the grounds. Dkt. 53. He argues there is new information material to the issue of release, i.e., that his mother, who originally declined to offer her home as a place to live, now offers defendant a bedroom in her home. *Id.* Defendant's mother indicates she would like to see defendant working again, and that he could work remotely from her home using a phone and laptop computer.

The Court declines to reopen the detention decision. That defendant could live with his mother does not address the danger and flight risk defendant poses. Defendant has a lengthy criminal history going back to 2007. His history clearly indicates he has long suffered from substance abuse. He has misdemeanor and felony convictions for drug possession, and has a pending driving under the influence charge. Defendant also has pending forgery and identity theft charges in the state court.

ORDER DENYING MOTION TO REOPEN DETENTION
DECISION - 1

Defendant's past performance regarding the criminal justice system also reveals poor compliance. He failed to appear for Court hearings in five prior criminal matters, and warrants for his arrest were issued. He participated in the state Drug Offender Sentencing Alternative (DOSA) but failed to complete the program and was revoked. Defendant also participated in other drug treatment programs but still uses controlled and other substances.

Defendant was also on active Washington Department of Corrections supervision at the time of the alleged crimes herein. The fact he has been indicted for felony charges while on supervision cuts against release. Additionally, his state corrections supervising officer indicates defendant has never maintained long-term compliance with supervision, was on warrant status for the past few months before his arrest, and traveled to the state of Texas without permission.

Defendant has exhibited a less than stable lifestyle in the months before he was arrested. He traveled to Michigan to work for a friend. He would stay with the friend for a short time before returning to Washington. At the time of his arrest, the Government indicated that defendant was living out of his car.

For the foregoing reasons, the Court concludes the fact defendant's mother now offers her home is not grounds to reopen the detention decision. The Court accordingly DENIES defendant's motion to reopen the detention decision. Dkt. 53. The Clerk shall provide a copy of this order to the parties and to the assigned District Judge.

DATED this 10th day of August, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge